# In the United States Court of Federal Claims

No. 17-354
Filed: April 30, 2018

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| DAVID BARZILLAI, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | 26 U.S.C. §§ 6501(c)(10) (Limitations on Assessment and Collection), 6511(a) (Limitations on Refund Claims), 6532(a) (Periods of Limitation on Suits), 6707A (Penalty for Failure to Disclose a Reportable Transaction), 7422(a) (Civil Actions for Refund); <br> 28 U.S.C. § 1491(a)(1) (Scope of Jurisdiction); <br> 26 C.F.R. § 301.6707A-1 (Failure to Disclose a Reportable Transaction); <br> Illegal Exaction; <br> Revenue Procedure 2007-21 (Guidance for Persons Assessed a Penalty Under 26 U.S.C. § 6707A); and <br> Rule of the United States Court of Federal Claims 9(j) (Citation to Statutes, Regulations, and Orders), 12(b)(1) (Subject-Matter Jurisdiction), 12(h)(3) (Lack of Subject-Matter Jurisdiction). |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Mark David Allison**, Caplin & Drysdale, New York, New York, Counsel for Plaintiff.

**Courtney Metz Hutson**, United States Department of Justice, Tax Division, Washington, D.C., Counsel for the Government.

**MEMORANDUM OPINION AND FINAL ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS**

**BRADEN**, *Chief Judge*.

In *Diversified Group Inc. v. United States*, 841 F.3d 975, 980 n.3 (Fed. Cir. 2016), the United States Court of Appeals for the Federal Circuit referenced Section 6707A of the Internal Revenue Code ("IRC"), 26 U.S.C. § 6707A, concerning the United States Tax Court's jurisdiction thereunder. The issues in this case concern the United States Court of Federal Claims' jurisdiction under IRC Section 6707A and are of first impression.

To facilitate review of this Memorandum Opinion And Final Order, the court has provided the following outline.

I.     RELEVANT FACTUAL BACKGROUND.
    A.     Statutory Framework.
    B.     Internal Revenue Service Regulations Governing The Rescission Of A Penalty Imposed For An "Other Than Listed" Transaction.
    C.     The Internal Revenue Service's Assessment Of A "Listed" Transaction Penalty Against David Barzillai.

II.     PROCEDURAL HISTORY.

III.     DISCUSSION.
    A.     The Parties' Arguments Concerning The Government's September 18, 2017 Motion To Dismiss.
        1.     The Government's Argument.
            a.     "The Court Lacks Jurisdiction Under The Tucker Act To Entertain Plaintiff's Due Process Claim."
            b.     "Plaintiff Lacks Standing To Bring His Due Process Claim, Because He Did Not Request Rescission; And Even If He Had Requested Rescission, The IRS Could Not Have Acted On That Request."
        2.     Plaintiff's Response.
            a.     "This Court Has Jurisdiction To Hear Plaintiff's Claim, Because Subject Matter Jurisdiction Is Granted Under The Tucker Act."
            b.     "Plaintiff Has Standing To Bring This Case, Because He Asked The IRS For Rescission And The IRS Denied His Request."
        3.     The Government's Reply.
            a.     "The Complaint Fails To Establish Tucker Act Jurisdiction."
            b.     "Plaintiff's Response Confirms That Plaintiff Lacks Standing To Challenge IRC Section 6707A(d)(2), Because That Provision Does Not Apply In This Case."
    B.     The Court's Resolution.
        1.     The Court Does Not Have Jurisdiction To Adjudicate Claims Challenging A Rescission Determination Under IRC Section 6707A(d)(1).
        2.     The Court Has Jurisdiction To Adjudicate The "Illegal Exaction" Claim Alleged In The March 15, 2017 Complaint.
        3.     Plaintiff Does Not Have Standing To Seek An Adjudication Of The Claims Alleged In The March 15, 2017 Complaint.

IV.     CONCLUSION.

I.      **RELEVANT FACTUAL BACKGROUND.**[1]

    A.      **Statutory Framework.**

The IRC defines a "reportable transaction" as any transaction that the Secretary of the Treasury (the "Secretary") "determines as having a potential for tax avoidance or evasion." 26 U.S.C. § 6707A(c)(1). Reportable transactions are classified either as "listed" or "other than listed." *See* 26 U.S.C. §§ 6707A(b)(2), (d)(1). "Listed" transactions are those reportable transactions that are the same as or substantially similar to transactions that the Secretary has "specifically identified . . . as . . . tax avoidance transaction[s]."[2] 26 U.S.C. § 6707A(c)(2). "Other than listed" transactions are reportable transactions that have not been specifically identified by the Secretary, but nevertheless have the "potential for tax avoidance or evasion."[3] *See* 26 U.S.C. § 6707A(c)(1)–(2).

A taxpayer who participates in a reportable transaction, but fails properly to report that transaction to the Internal Revenue Service (the "IRS"), is subject to a penalty. *See* 26 U.S.C. § 6707A(a) ("Any person who fails to include on any return or statement any information with respect to a reportable transaction which is required . . . shall pay a penalty[.]"). The penalty imposed for failing properly to report a reportable transaction is equal to "75 percent of the decrease in tax shown . . . as a result of [the reportable] transaction." 26 U.S.C. § 6707A(b)(1). For individual taxpayers the amount of the penalty cannot exceed $100,000, in the case of a "listed" transaction, and $10,000, in the case of an "other than listed" transaction. *See* 26 U.S.C. § 6707A(b)(2).

---

[1] The facts herein were derived from: the March 15, 2017 Complaint ("3/15/17 Compl.") and attached exhibits ("3/15/17 Compl. Ex. A–C"); exhibits attached to the Government's September 18, 2017 Motion to Dismiss ("9/18/17 Gov't Mot. Ex. 1–3"); and an exhibit attached to Plaintiff's December 13, 2017 Response ("12/13/17 Pl. Resp. Ex. A"). *See Moyer v. United States*, 190 F.3d 1314, 1318 (Fed. Cir. 1999) ("Fact-finding is proper when considering a motion to dismiss where the jurisdictional facts in the complaint . . . are challenged."); *see also Ferreiro v. United States*, 350 F.3d 1318, 1324 (Fed. Cir. 2003) (the court "may weigh relevant evidence when it considers a motion to dismiss that challenges the truth of jurisdictional facts alleged in a complaint").

[2] A current list of "Listed Transactions" identified for corporations may be found on the IRS's website. *See Recognized Abusive and Listed Transactions*, INTERNAL REVENUE SERV., https://www.irs.gov/businesses/corporations/listed-transactions (last visited Apr. 19, 2018).

[3] "Other than listed" transactions may include: confidential transactions; certain loss transactions under 26 U.S.C § 165; transactions offered with the right to a refund, if the IRS does not permit the tax benefit of the transaction; and other transactions of interest. *See Abusive Tax Shelters and Transactions*, INTERNAL REVENUE SERV., https://www.irs.gov/businesses/corporations/abusive-tax-shelters-and-transactions (last visited March 24, 2018) (identifying types of reportable transactions, other than listed transactions).

3

The Commissioner of Internal Revenue (the "IRS Commissioner") is authorized to "rescind all or any portion of any penalty" resulting from an "other than listed" transaction, if "rescinding the penalty would promote compliance with the requirements of [the IRC] and effective tax administration." 26 U.S.C. § 6707A(d)(1). The IRS Commissioner is not, however, authorized to rescind penalties resulting from a "listed" transaction. *See* 26 U.S.C. § 6707A(d)(1) (authorizing the IRS Commissioner to rescind penalties only "with respect to a reportable transaction other than a listed transaction"); *see also* H.R. Rep. No. 108-548 (Part 1), at 262 (2004) ("The penalty cannot be waived with respect to a listed transaction.").

The IRS Commissioner's determination of whether to rescind a penalty assessed for an "other than listed" transaction, is not subject to judicial review. *See* 26 U.S.C. § 6707A(d)(2); *see also Smith v. Comm'r of Internal Revenue*, 133 T.C. 424, 428 (T.C. 2009) ("A determination by the [IRS] Commissioner regarding the rescission of a penalty may not be reviewed in any judicial proceeding."); 14A HERTSEL SHADIAN, MERTENS LAW OF FED. INCOME TAXATION § 55:99 (2018), Westlaw ("Any determination on the rescinding of any penalty may not be appealed in any judicial proceeding."). The legislative history of IRC Section 6707A, however, reflects that the prohibition against judicial review of an IRS Commissioner's rescission determination, does not apply to an IRS decision to impose a penalty in the first place. *See* H.R. Rep. No. 108-548 (Part 1), at 262 n.233 (2004) (explaining that IRC Section 6707A(d)(2) does not "limit the ability of a taxpayer to challenge *whether a penalty is appropriate* (*e.g.*, a taxpayer may litigate the issue of whether a transaction is a reportable transaction (and thus subject to the penalty if not disclosed) or *not a reportable transaction* (and thus not subject to the penalty))" (emphasis added)); *see also Smith*, 133 T.C. at 428 ("The legislative history indicates that the statute's prohibition of judicial review is not intended otherwise to limit the taxpayer's ability to litigate whether a penalty is appropriate.").

### B. Internal Revenue Service Regulations Governing The Rescission Of A Penalty Imposed For An "Other Than Listed" Transaction.

The governing IRS regulation permits the Secretary to "prescribe the procedures for a taxpayer to request rescission of [an IRC S]ection 6707A penalty with respect to a reportable transaction other than a listed transaction[.]" 26 C.F.R. § 301.6707A-1(d)(2). Pursuant to this authority, the Secretary issued Revenue Procedure 2007-21. *See* REV. PROC. 2007-21, 2007-1 C.B. 613, 2007-9 I.R.B. 613 (I.R.S. Feb. 26, 2007) ("REV. PROC. 2007-21"). Revenue Procedure 2007-21 provides that "[a] person may only request rescission of a penalty under [IRC S]ection . . . 6707A[,] if the violation relates to a reportable transaction other than a listed transaction." REV. PROC. 2007-21 § 3. In addition, Revenue Procedure 2007-21

> describes the procedures for requesting rescission, including the deadline by which a person must request rescission;[4] the information the person must provide in the

---

[4] Revenue Procedure 2007-21 provides that a request for rescission must be made "within 30 days after the date the [IRS] sends notice and demand for payment of the penalty," or "[i]f the [taxpayer] pays the penalty . . . in full prior to the [IRS] sending notice and demand for payment, the [taxpayer] must request rescission . . . within 30 days from the date of payment." REV. PROC. 2007-21 § 4.01.

4

rescission request;[5] the factors that weigh in favor of and against granting rescission; where the person must submit the rescission request;[6] and the rules governing requests for additional information from the person requesting rescission.

REV. PROC. 2007-21 § 1; *see also* REV. PROC. 2007-21 § 4.01 ("The method of requesting rescission that is provided in [R]evenue [P]rocedure [2007-21] is *the exclusive method of requesting rescission*. A person may not request rescission through a refund claim, in a collection due process hearing, or through any other avenue for approaching the [IRS]." (emphasis added)).

---

[5] Revenue Procedure 2007-21 provides that a

request for rescission must include: (1) the name, address, telephone number, and Taxpayer Identification Number . . . of the person against whom the relevant penalty is imposed; (2) the amount of the penalty imposed; (3) a copy of the complete return or statement . . . that the person filed with the [IRS]; (4) a copy of the notice and demand for payment or a statement that the person made payment in full prior to receiving notice and demand; (5) a copy of the agreement to the assessment of the penalty and not to file or prosecute a claim for refund or credit of the penalty, if applicable; (6) a statement of the facts and circumstances relating to the violation, which includes the [IRC] section under which the penalty was determined . . . , the reason(s) the original return or statement was not timely filed or was incomplete, a description of the safeguards the person had in place to ensure the proper filing of the return or statement, any remedial measures the person has taken to prevent future violations, and any other facts or circumstances relevant to how rescission would promote compliance with the requirements of the [IRC] and effective tax administration . . . ; (7) a statement of the person's history of compliance with the tax law over the past 10 years . . . ; (8) for a penalty assessed under [IRC S]ection 6707A, copies of all offerings and promotional materials that the taxpayer received with respect to the reportable transaction involved in the rescission request; (9) a statement providing the identity of related parties . . . to the transaction, the identity of tax exempt entities involved in the transaction, and parties to any designation agreement, if applicable; and (10) the following declaration signed by the person requesting rescission: "Under penalties of perjury, I declare that I have examined this rescission request, and to the best of my knowledge and belief the information in this rescission request is true, correct, and complete."

REV. PROC. 2007-21 § 4.02.

[6] Revenue Procedure 2007-21 provides that a request for rescission should be sent to the IRS's Large & Mid-Size Business Division in New York, New York. *See* REV. PROC. 2007-21 § 4.08.

5

### C. The Internal Revenue Service's Assessment Of A "Listed" Transaction Penalty Against David Barzillai.

In 2005, David Barzillai participated "in a welfare benefit plan (the "Plan")[7] maintained by his employer, Advanced Data Systems International, LLC" ("ADSI"). 3/15/17 Compl. ¶ 5.

On or about August 24, 2006, Mr. Barzillai filed a federal Income Tax Return, IRS Form 1040, for the 2005 tax year. 9/18/17 Gov't Mot. Ex. 2 at 003. It was not until May 3, 2011, however, that Mr. Barzillai notified the IRS of his participation in the Plan. 9/18/17 Gov't Mot. Ex. 1 at 008, 068; 12/13/17 Pl. Resp. Ex. A.

On January 19, 2012, the IRS sent Mr. Barzillai a letter to inform him that the IRS was "proposing to assess a [$100,000] penalty against him for the 2005 tax year under . . . [IRC] Section 6707A . . . , resulting from his participation in the Plan." 3/15/17 Compl. ¶ 6; *see also* 9/18/17 Gov't Mot. Ex. 1 at 015 (assessing an "IRC 6707A Penalty" of $100,000.00 for the period ending "12/31/2005"). The January 19, 2012 letter also informed Mr. Barzillai that, if he did not agree "to the assessment and collection of the proposed penalty . . . , [he could] request a conference with [the IRS's] Appeals Office."[8]  9/18/17 Gov't Mot. Ex. 1 at 012. In addition, Mr. Barzillai was informed that

> [t]he [IRS] Commissioner may rescind the penalty under . . . [IRC S]ection 6707A *for transactions other than listed transactions*, if rescission would promote tax compliance and effective tax administration. . . . Additional information about submitting a rescission request is contained in Rev[enue] Proc[edure] 2007-21.
>
> You may seek review in a United States District Court or the United States Court of Federal Claims *of your liability* for the [IRC S]ection 6707A penalty with respect to the determination that you participated in a reportable transaction, and that you

---

[7] The Plan was a "Multiple Employer Professional Benefit Welfare Plan and Trust[.] Contributions were made by [ADSI] . . . and were used . . . to provide death benefits and living benefits to [Mr. Barzillai and his wife]." 9/18/17 Gov't Mot. Ex. 1 at 068. "The expected tax benefit from the contributions made by [ADSI] . . . was a reduced distributive share of income from [ADSI]." 9/18/17 Gov't Mot. Ex. 1 at 068. In 2005, ADSI contributed $500,000 to the Plan so that Mr. Barzillai "expected [a] tax benefit[]" of $175,000. 9/18/17 Gov't Mot. Ex. 1 at 068.

[8] The IRS "Appeals Office" or Office of Appeals is "an independent organization within the IRS whose mission is to help taxpayers and the Government resolve tax disagreements." *About the Office of Appeals*, INTERNAL REVENUE SERV., https://www.irs.gov/compliance/appeals (last visited Apr. 19, 2018); *see also Appeals – An Independent Organization*, INTERNAL REVENUE SERV., https://www.irs.gov/compliance/appeals/appeals-an-independent-organization (last visited Apr. 19, 2018) (explaining that the mission of the IRS Office of Appeals is "[t]o resolve tax controversies, without litigation, on a basis which is fair and impartial to both the Government and the taxpayer in a manner that will enhance voluntary compliance and public confidence in the integrity and efficiency of the [IRS].").

> failed to properly disclose that participation.  (*You [cannot] seek review of the [IRS] Commissioner's determination to deny a rescission request*.)

9/18/17 Gov't Mot. Ex. 1 at 012–013 (emphasis added).

On March 5, 2012, counsel for Mr. Barzillai sent a letter to an IRS Revenue Agent in California, contesting the assessment and proposed penalty and requesting a conference with the IRS's Illinois Appeals Office.  3/15/17 Compl. ¶ 7; 9/18/17 Gov't Mot. Ex. 1 at 001–010. The March 5, 2012 letter also explained why the Plan was "not subject to the disclosure penalty under . . . [IRC S]ection 6707A" and argued that a penalty should not be assessed against Mr. Barzillai, because the IRS "received notice of [his] participation in [the Plan]." 9/18/17 Gov't Mot. Ex. 1 at 004–009.  The March 5, 2012 letter added,

> in the event that [Mr. Barzillai's] participation in the [Plan] is not a listed transaction, but somehow [is] determined to still constitute a reportable transaction . . . , then [Mr. Barzillai] respectfully requests immediate notice of such alternative determination *so that any and all assessable penalties may be appropriately requested to be rescinded consistent with Rev[enue] Proc[edure] 2007-21*[.]

9/18/17 Gov't Mot. Ex. 1 at 009 (emphasis added).

On June 6, 2013, a conference was held between Mr. Barzillai[9] and an IRS Appeals Officer in Chicago, Illinois.  12/13/17 Pl. Resp. Ex. A.  Thereafter, the IRS Appeals Officer sustained the proposed penalty and, "on December 6, 2013, [the IRS] notified [Mr. Barzillai] that a $100,000.00 penalty for the 2005 tax year would be assessed against him under . . . [IRC] Section 6707A[.]" 3/15/17 Compl. ¶ 8; 9/18/17 Gov't Mot. Ex. 3 at 001.

On April 15, 2014, the IRS applied an overpayment credit of $100,875[10] from Mr. Barzillai's 2013 income tax account toward the $100,000 penalty and, on October 13, 2014, the IRS applied an overpayment credit of $50 from Mr. Barzillai's 2013 income tax account toward assessed "fees and other expenses" associated with the penalty.  9/18/17 Gov't Mot. Ex. 3 at 001–002.

On November 3, 2014, the IRS notified Mr. Barzillai that it "applied $100,925 of [his] 2013 . . . overpayment[11] to the amount [he] owe[d] for [the penalty]." 3/15/17 Compl. Ex. A.

---

[9] The record is not clear as to whether Mr. Barzillai's counsel also attended the June 6, 2013 conference.  12/13/17 Pl. Resp. Ex. A at 2.

[10] The additional $875 represented "[i]nterest charged for late payment." 9/18/17 Gov't Mot. Ex. 3 at 002.

[11] Mr. Barzillai made an overpayment for the 2013 tax year of $227,682.75.  3/15/17 Compl. Ex. A.

7

On November 7, 2014, Mr. Barzillai filed an IRS Form 843, *i.e.*, a "Claim for Refund and Request for Abatement," requesting a refund of $100,925.  3/15/17 Compl. ¶ 9; 3/15/17 Compl. Ex. A.  Attached to the IRS Form 843 was a statement by Mr. Barzillai explaining that he

> was not a "participant in a transaction" . . . who was required to disclose his "participation" . . . to the IRS.  The IRS assessed and collected a penalty from him despite his argument that no disclosure was required from him.  [Mr. Barzillai] is not permitted by the statute to argue in a judicial proceeding of any kind that the IRS['s] refu[s]al to abate the penalty is improper.
>
> Thus [the IRS] ha[s] improperly assessed and collected the [p]enalty set forth in [IRC] Section 6707A . . . from [Mr. Barzillai].  The statute provides for the arbitrary imposition of the penalty by the [IRS] and precludes review of the unwillingness of the [IRS] Commissioner . . . to consider rescission of the penalty in any judicial proceeding.  It is the position of [Mr. Barzillai] that this absolute denial of judicial review by Congress renders [IRC] Sec[tion] 6707A, as enacted, violative of the Due Process Clause of the 5th [A]mendment to the United States Constitution, thus rendering any assessment made pursuant to [IRC] Section 6707A invalid.

3/15/17 Compl. Ex. A.

On July 22, 2015, Mr. Barzillai amended the November 7, 2014 IRS Form 843 to advise the IRS that the penalty was assessed "after the expiration of the statute of limitations permitting such assessment," under 26 U.S.C. § 6501(c)(10).[12]  3/15/17 Compl. ¶ 9; 3/15/17 Compl. Ex. B.

On June 29, 2016, the IRS notified Mr. Barzillai that his request for a refund was "formally disallowed in full" and advised him that "no further reconsideration [could] be granted."  3/15/17 Compl. ¶ 10; 3/15/17 Compl. Ex. C.

## II.    PROCEDURAL HISTORY.

On March 15, 2017, Mr. Barzillai ("Plaintiff") filed a Complaint in the United States Court of Federal Claims.  ECF No. 1 ("3/15/17 Compl.").  The March 15, 2017 Complaint alleges: (1) that the IRS Commissioner "improper[ly] fail[ed] . . . to rescind the penalty" assessed against Plaintiff under IRC Section 6707A; and (2) that IRC Section 6707A "violates the Due Process Clause of the Fifth Amendment," because IRC Section 6707A(d)(2) does not afford judicial review

---

[12] 26 U.S.C. § 6501(c)(10) provides, in relevant part, that

> [i]f a taxpayer fails to include on any return or statement for any taxable year any information with respect to a listed transaction (as defined in [IRC S]ection 6707A(c)(2)) which is required . . . to be included with such return or statement, the time for assessment of any tax imposed by this title with respect to such transaction shall not expire before the date which is 1 year after . . . the date on which the Secretary is furnished the information so required[.]

26 U.S.C. § 6501(c)(10).

of an IRS Commissioner's determination not to rescind a penalty.  3/15/17 Compl. ¶¶ 12–13. Therefore, "[t]he assessment made by the IRS against [Plaintiff] . . . is invalid and the amount seized from [Plaintiff] should be refunded to him, together with interest as provided by law." 3/15/17 Compl. ¶ 14.

On September 18, 2017, the Government filed a Motion to Dismiss, pursuant to Rule of the United States Court of Federal Claims ("RCFC") 12(b)(1).  ECF No. 11 ("9/18/17 Gov't Mot.").

On December 13, 2017, Plaintiff filed a Response In Opposition To The Government's Motion To Dismiss.[13] ECF No. 16 ("12/13/17 Pl. Resp.").

On January 26, 2018, the Government filed a Reply In Support Of Its Motion To Dismiss. ECF No. 20 ("1/26/18 Gov't Reply").

### III. DISCUSSION.

#### A. The Parties' Arguments Concerning The Government's September 18, 2017 Motion To Dismiss.

##### 1. The Government's Argument.

###### a. "The Court Lacks Jurisdiction Under The Tucker Act To Entertain Plaintiff's Due Process Claim."

The Government argues that, because "Plaintiff invokes the Tucker Act . . . as the source of the [c]ourt's jurisdiction to entertain this action," Plaintiff "must identify a 'money-mandating' source of substantive law that creates the right to money damages[.]"  9/18/17 Gov't Mot. at 15 (citing *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) ("The Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages.").  The Due Process Clause of the Fifth Amendment, however, "is not money-mandating."  9/18/17 Gov't Mot. at 15 (citing *Collins v. United States*, 67 F.3d 284, 288 (Fed. Cir. 1995) ("the due process clause does not obligate the government to pay money damages")).  Therefore, "to the extent [P]laintiff claims that the [G]overnment violated [Plaintiff's] Fifth Amendment due process rights, the [c]ourt lacks jurisdiction to entertain that claim."  9/18/17 Gov't Mot. at 15.

In addition, "[t]he United States is immune from suit unless it has specifically waived sovereign immunity."  9/18/17 Gov't Mot. at 16 (citing *United States v. Testan*, 424 U.S. 392, 399 (1976) ("It long has been established, of course, that the United States, as sovereign, is immune

---

[13] An affidavit was attached to Plaintiff's December 13, 2017 Response.  12/13/17 Pl. Resp. Ex. A.  The affidavit was executed by a Certified Public Accountant ("CPA") who has "served since March 2011 as [Plaintiff's] representative before the IRS[.]"  12/13/17 Pl. Resp. Ex. A.  The affidavit states that the March 5, 2012 letter to the IRS "specifically requested rescission of the penalt[y.]"  12/13/17 Pl. Resp. Ex. A.

from suit save as it consents to be sued and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.")). Although the Tucker Act is one such waiver of sovereign immunity, "Congress can displace Tucker Act jurisdiction over a claim by enacting a statute that contains its own self-executing remedial scheme." 9/18/17 Gov't Mot. at 16–17 (citing *United States v. Bormes*, 568 U.S. 6, 12 (2012) ("The Tucker Act is displaced . . . when a law assertedly imposing monetary liability on the United States contains its own judicial remedies. In that event, the specific remedial scheme establishes the exclusive framework for the liability Congress created under the statute.")). In this case, Plaintiff "asks the [c]ourt to find that the IRS violated the Due Process [C]lause when it 'improperly refused' [P]laintiff's alleged rescission request under [IRC Section] 6707A(d)(1)," but "Congress has specifically expressed its intent to foreclose judicial review of that determination." 9/18/17 Gov't Mot. at 17 (citing 26 U.S.C. § 6707A(d)(2) ("Notwithstanding any other provision of law, any determination under this subsection may not be reviewed in any judicial proceeding.")). Therefore, "[t]o the extent [P]laintiff challenges any alleged determination under [IRC Section] 6707A(d)(1), . . . this [c]ourt does not have jurisdiction to entertain that claim." 9/18/17 Gov't Mot. at 17.

> b. **"Plaintiff Lacks Standing To Bring His Due Process Claim, Because He Did Not Request Rescission; And Even If He Had Requested Rescission, The IRS Could Not Have Acted On That Request."**

In the alternative, the Government argues that Plaintiff lacks standing "to bring his due process claim[,] because the provision that [P]laintiff challenges—[IRC Section] 6707A(d)(2)—was never, in fact, applied to him." 9/18/17 Gov't Mot. at 9. "To establish that an injury is fairly traceable to a challenged statute, [however, P]laintiff must establish that the statute was actually applied to him." 9/18/17 Gov't Mot. at 10 (citing *Davis v. Scherer*, 468 U.S. 183, 189 n.7 (1984) (observing, where a "statute was never applied to [an] appellee, he lacks standing to question its constitutionality"); *New York Civil Serv. Comm'n v. Snead*, 425 U.S. 457, 458 (1976) (per curiam) (holding that, because "appellee's claim . . . amount[ed] to a request for a determination of the constitutionality of a statute which, . . . ha[d] never in fact been properly applied . . . to her[,] . . . she ha[d] no standing to assert such a challenge"); *see also Riggsbee v. Bell*, 787 F.2d 1564, 1569 (Fed. Cir. 1986) (holding that appellant "was not injured by, and therefore ha[d] no standing to challenge" the Secretary of Education's instruction to remove a form provision permitting students to apply solely for a Pell Grant without a processing charge, because appellant applied for both campus-based aid and a Pell Grant)).

In this case, "[n]either [IRC Section] 6707A(d)(1) or (2) were . . . applied to [P]laintiff[,] because [P]laintiff never requested that the IRS rescind the penalty[.]" 9/18/17 Gov't Mot. at 12. Moreover, "even if [P]laintiff had filed a request for the IRS to rescind the penalty[,] . . . the IRS . . . could not have acted on his request," because Plaintiff "was assessed a penalty based on his failure to report participation in a *listed* transaction," but IRC Section 6707A(d)(1) "does not apply to penalties relating to . . . *listed* transactions." 9/18/17 Gov't Mot. at 14 (emphasis in original). In addition, "[IRC Section] 6707A(d)(2)—which proscribes judicial review of any IRS determination made under [IRC Section] 6707A(d)(1)—correspondingly does not apply to listed transactions." 9/18/17 Gov't Mot. at 14. Therefore, Plaintiff "cannot establish that his alleged injury of having to pay the penalty would be redressed if the [c]ourt were to invalidate the rescission provisions." 9/18/17 Gov't Mot. at 14.

2.  **Plaintiff's Response.**

    a.  **"This Court Has Jurisdiction To Hear Plaintiff's Claim, Because Subject Matter Jurisdiction Is Granted Under The Tucker Act."**

Plaintiff responds that "[t]his [c]ourt's jurisdiction to hear this case is granted under the Tucker Act because [IRC Section] 6707A is a money-mandating statute." 12/13/17 Pl. Resp. at 5. This is so, because the United States Court of Federal Claims has "long held that 'a claim to recover an illegal exaction made by officials of the Government, . . . based upon a power supposedly conferred by statute' can be heard in this [c]ourt." 12/13/17 Pl. Resp. at 6 (quoting *Clapp v. United States*, 117 F. Supp. 576, 580 (Ct. Cl. 1954), *cert denied*, 348 U.S. 834 (1954)). Moreover, IRC Section 6707A(d)(2)'s prohibition against judicial review does not supplant this court's jurisdiction, because "[i]f a provision of the [IRC] violates due process, an assessment made pursuant to that provision is invalid and cannot preclude the [c]ourt's jurisdiction." 12/13/17 Pl. Resp. at 6. Therefore, because "[P]laintiff's money was seized pursuant to a money-mandating statute and the statute that prevents review of the IRS's discretionary rescission authority violates the Fifth Amendment of the United States Constitution, this [c]ourt has subject matter jurisdiction necessary to review this case." 12/13/17 Pl. Resp. at 6–7.

    b.  **"Plaintiff Has Standing To Bring This Case, Because He Asked The IRS For Rescission And The IRS Denied His Request."**

In addition, Plaintiff argues that he has standing "to challenge the denial of his claim for refund and abatement of the penalty at issue[,] because . . . [P]laintiff asked for rescission and the IRS denied his request." 12/13/17 Pl. Resp. at 3. Plaintiff adds that, although the Government "attempts to circumvent this factual issue by . . . asserting that . . . [P]laintiff failed to follow the procedures for requesting rescission," that argument is without merit, because "those procedures were not applicable to . . . [P]laintiff." 12/13/17 Pl. Resp. at 4. Further, the Government's argument that Plaintiff's "injury was not caused by the denial of rescission by the IRS" is also without merit, because it "ignores the fact that it was the IRS determination in the first place identifying the participation in the . . . [P]lan as a listed transaction that triggered the statutory provision denying a right to rescission." 12/13/17 Pl. Resp. at 4–5. Therefore, Plaintiff's injury "directly resulted from the denial of rescission under [IRC Section] 6707A(d)(1)." 12/13/17 Pl. Resp. at 5.

3.  **The Government's Reply.**

    a.  **"The Complaint Fails To Establish Tucker Act Jurisdiction."**

The Government replies that although "Plaintiff concedes that the Due Process Clause is not money-mandating," he "incorrectly asserts that [IRC Section] 6707A is itself money-mandating." 1/26/18 Gov't Reply at 7 (citing 12/13/17 Pl. Resp. at 5–6). In addition, Plaintiff's reliance on *Clapp* is misplaced, because it "does not stand for the proposition for which [P]laintiff cites it, and, in any event, [P]laintiff has failed to state an illegal exaction claim." 1/26/18 Gov't Reply at 7. In this case, "unlike in *Clapp*, [P]laintiff does not allege that a misapplication of the

11

statute caused the 'exaction'; rather, he challenges the lack of judicial review in a separate rescission provision. [That is], the statute that [P]laintiff challenges—*i.e.*, [IRC Section] 6707A(d)(2)—did not cause the 'exaction' from which [P]laintiff seeks relief." 1/26/18 Gov't Reply at 7–8. Therefore, Plaintiff "fails to state an illegal exaction claim." 1/26/18 Gov't Reply at 8.

In addition, Plaintiff's argument that IRC Section 6707A(d)(2) violates the Due Process Clause of the Fifth Amendment is without merit, because "the preclusion of judicial review does not prohibit taxpayers from challenging the *imposition* of an [IRC Section] 6707A penalty in a court of law. Rather, it only precludes judicial review of any *rescission* determination, as the legislative history of [IRC Section] 6707A confirms." 1/26/18 Gov't Reply at 9 (emphasis in original). "In short, [P]laintiff's due process claim complains that [P]laintiff was deprived of a judicial remedy that the statute does not preclude." 1/26/18 Gov't Reply at 9.

> b. **"Plaintiff's Response Confirms That Plaintiff Lacks Standing To Challenge IRC Section 6707A(d)(2), Because That Provision Does Not Apply In This Case."**

The Government adds that, "[e]ven if [Plaintiff] asked for rescission during his administrative appeal, [P]laintiff still lacks standing to challenge [IRC Section] 6707A(d)(2) . . . [,] because [P]laintiff was never assessed a penalty to which that statute applies." 1/26/18 Gov't Reply at 5. Instead, "Plaintiff was assessed a $100,000 *listed* . . . transaction penalty[.]" 1/26/18 Gov't Reply at 5 (emphasis in original). But, "[r]escission is not available for this type of penalty." 1/26/18 Gov't Reply at 5 (citing 26 U.S.C. § 6707A(d)(1)(A)). "Rather, it is only available for the lesser $10,000 *non-listed* . . . transaction penalty . . . which [P]laintiff was never assessed." 1/26/18 Gov't Reply at 5 (emphasis in original) (citing 26 U.S.C. § 6707A(d)(1)(A)). Therefore, Plaintiff does not have standing to challenge IRC Section 6707A(d)(2). 1/26/18 Gov't Reply at 5–6.

Finally, "[P]laintiff's real grievance is that [IRC Section] 6707A(d)(1) does not permit equitable rescission of the $100,000 *listed* . . . transaction penalty . . . which [P]laintiff was assessed." 1/26/18 Gov't Reply at 6 (emphasis in original). Therefore Plaintiff's remedy lies with Congress, "not with the [c]ourt." 1/26/18 Gov't Reply at 6. Plaintiff also "incorrectly complains that the listed-transaction penalty is not judicially reviewable." 1/26/18 Gov't Reply at 6. As already discussed, however, IRC Section 6707A(d)(2)'s prohibition against judicial review "does not apply to the *imposition* of any penalty. Rather, it applies only to a *rescission* determination." 1/26/18 Gov't Reply at 6–7.

> B. **The Court's Resolution.**
>
> > 1. **The Court Does Not Have Jurisdiction To Adjudicate Claims Challenging A Rescission Determination Under IRC Section 6707A(d)(1).**

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, to adjudicate "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in


cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *Testan*, 424 U.S. at 398.

To pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, Constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act[.]"). Specifically, a plaintiff must demonstrate that the source of substantive law upon which he relies "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Mitchell*, 463 U.S. 206, 216 (1983) (quoting *Testan*, 424 U.S. at 400).

The United States Court of Federal Claims has jurisdiction to entertain tax refund claims under the Tucker Act. *See Hinck v. United States*, 64 Fed. Cl. 71, 74–76 (Fed. Cl. 2005) (explaining that the court's tax refund jurisdiction is derived from the Tucker Act), *aff'd*, 446 F.3d 1307 (Fed. Cir. 2006), *aff'd*, 550 U.S. 501 (2007). The jurisdictional requirements for maintaining a tax refund suit in the United States Court of Federal Claims are the same as the requirements for maintaining a tax refund suit in a United States district court, *i.e.*, filing an administrative claim for refund before filing a tax refund claim in the United States Court of Federal Claims. *See United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 4 (2008) ("A taxpayer seeking a refund of taxes erroneously or unlawfully assessed or collected may bring an action against the Government either in United States district court or in the United States Court of Federal Claims. The [IRC] specifies that before doing so, the taxpayer must comply with the tax refund scheme established in the [IRC]. That scheme provides that *a claim for a refund must be filed with the [IRS] before suit can be brought*, and establishes strict timeframes for filing such a claim." (emphasis added) (citations omitted)); *see also id.* (holding that "the plain language of 26 U.S.C. §§ 7422(a)[14] and 6511[15]

---

[14] 26 U.S.C. § 7422(a) provides that

[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a).

[15] 26 U.S.C. § 6511 provides, in relevant part, that

[c]laim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time

requires a taxpayer seeking a refund . . . to file a timely administrative refund claim before bringing suit against the Government"); 26 U.S.C. § 6532.[16]

The March 15, 2017 Complaint alleges that the IRS Commissioner "improper[ly] fail[ed] . . . to rescind the penalty" assessed against Plaintiff under IRC Section 6707A. 3/15/17 Compl. ¶ 12. The IRS Commissioner's authority to rescind penalties assessed under IRC Section 6707A is set forth in IRC Section 6707A(d)(1).[17] *See* 26 U.S.C. § 6707A(d)(1). The March 15, 2017 Complaint, however, does not identify those portions of IRC Section 6707A allegedly violated by the IRS Commissioner.[18] 3/15/17 Compl. ¶ 12. Nevertheless, the court liberally interprets ¶ 12 of the March 15, 2017 Complaint as alleging that the IRS Commissioner violated IRC Section 6707A(d)(1), by failing to rescind the penalty assessed against Plaintiff.[19]

---

the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid.

26 U.S.C. § 6511(a).

[16] 26 U.S.C. § 6532 provides, in relevant part, that

[n]o suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

26 U.S.C. § 6532(a)(1).

[17] IRC Section 6707A(d)(1) authorizes the IRS Commissioner to "rescind all or any portion of any penalty imposed" if: (1) "the violation is with respect to a reportable transaction other than a listed transaction;" and (2) "rescinding the penalty would promote compliance with the requirements of [the IRC] and effective tax administration." 26 U.S.C. § 6707A(d)(1). The IRS Commissioner is not, however, permitted to rescind a "listed" transaction penalty under IRC Section 6707A(d)(1) and IRC Section 6707A does not otherwise authorize the rescission of penalties. *See generally* 26 U.S.C. § 6707A; *see also* H.R. Rep. No. 108-548 (Part 1), at 262 (2004) ("The penalty cannot be waived with respect to a listed transaction.").

[18] To the extent that the March 15, 2017 Complaint alleged a direct violation of all or any portion of IRC Section 6707A, such an allegation is not pled with the specificity required to satisfy RCFC 9(j). *See* RCFC 9(j) ("In pleading a claim founded on a statute . . . a party must include the citation to the act of Congress . . . on which the claim is founded.); *see also* 5 MARY K. KANE & A. BENJAMIN SPENCER, FED. PRAC. & PROC. CIV. § 1286 (2018), Westlaw (explaining that a court is "not require[d] . . . to fabricate a claim that a plaintiff has not spelled out in the complaint").

[19] This interpretation of the March 15, 2017 Complaint is consistent with the reference to IRC Section 6707A(d)(2) in ¶ 12 thereof, that applies to determinations made under IRC Section

14

IRC Section 6707A(d)(1) provides that a taxpayer, against whom a penalty is assessed under IRC Section 6707A, may request the IRS Commissioner to rescind "all or any portion" of that penalty, if it is "with respect to a reportable transaction other than a listed transaction." 26 U.S.C. § 6707A(d)(1). An IRS Commissioner's determination under IRC Section 6707A(d)(1) is discretionary. *See* 26 U.S.C. § 6707A(d)(1) (providing that the IRS Commissioner "*may* rescind all or any portion of any penalty imposed by this section" (emphasis added)); *see also Bitter v. Comm'r of Internal Revenue*, No. 10462–15L, 2017 WL 1050570, at *5 n.7 (T.C. Mar. 20, 2017) ("[IRC] Sec[TION] 6707A(d) gives the IRS discretionary authority to 'rescind all or any portion of' a penalty, but only if 'the violation is with respect to a reportable transaction other than a listed transaction.'").

The United States Supreme Court has held that "statutory schemes with their own remedial framework exclude alternative relief under the general terms of the Tucker Act." *Bormes*, 568 U.S. at 14; *see also id.* at 12 ("We have long recognized that an additional remedy in the Court of Claims is foreclosed when it contradicts the limits of a precise remedial scheme."); *id.* ("The Tucker Act is displaced . . . when a law assertedly imposing monetary liability on the United States contains its own judicial remedies. In that event, the specific remedial scheme establishes the exclusive framework for the liability Congress created under the statute."). Congress established such a "remedial framework" in IRC Section 6707A(d) for requesting rescission of penalties assessed under IRC Section 6707A. *See* 26 U.S.C. § 6707A(d). Importantly, IRC Section 6707A(d)(2) specifies that "[n]otwithstanding any other provision of law, any determination under [IRC Section 6707A(d)(1)] *may not be reviewed in any judicial proceeding*." 26 U.S.C. § 6707A(d)(2) (emphasis added); *see also Smith*, 133 T.C. at 428 ("A determination by the [IRS] Commissioner regarding the rescission of a penalty may not be reviewed in any judicial proceeding."); 14A HERTSEL SHADIAN, MERTENS LAW OF FED. INCOME TAXATION § 55:99 (2018), Westlaw ("Any determination on the rescinding of any penalty may not be appealed in any judicial proceeding.").

For these reasons, the court has determined that it does not have jurisdiction to adjudicate those portions of ¶ 12 of the March 15, 2017 Complaint challenging the IRS Commissioner's alleged determination not to rescind the penalty assessed against Plaintiff under IRC Section 6707A. Accordingly, this claim must be dismissed, pursuant to RCFC 12(b)(1).

### 2. The Court Has Jurisdiction To Adjudicate The "Illegal Exaction" Claim Alleged In The March 15, 2017 Complaint.

The March 15, 2017 Complaint also alleges that IRC Section 6707A "violates the Due Process Clause of the Fifth Amendment," because IRC Section 6707A(d)(2) does not afford judicial review of an IRS Commissioner's determination not to rescind a penalty. 3/15/17 Compl. ¶¶ 12–14. The United States Court of Federal Claims, however, does not have jurisdiction over due process claims under the Tucker Act. *See Norman v. United States*, 429 F.3d 1081, 1095 (Fed. Cir. 2005) ("The Court of Federal Claims ordinarily lacks jurisdiction over due process

---

6707A(d)(1). 3/15/17 Compl. ¶ 12; *see also* 26 U.S.C. § 6707A(d)(2) ("Notwithstanding any other provision of law, any determination under [IRC Section 6707A(d)(1)] may not be reviewed in any judicial proceeding.).

15

claims under the Tucker Act[.]"). But, when ¶¶ 12–14 of the March 15, 2017 Complaint are read in a light most favorable to Plaintiff, they could be construed as alleging an "illegal exaction" claim, *i.e.*, the IRS "improperly collected [and] withheld" Plaintiff's property, pursuant to an "unconstitutional" statute.[20]  3/15/17 Compl. ¶¶ 12–14; *Norman*, 429 F.3d at 1095 ("The classic illegal exaction claim is a tax refund suit alleging that taxes have been improperly collected or withheld by the government.").

In this case, any "illegal exaction" claim must be based on the IRS's "statutory power" to impose penalties for failing properly to report a reportable transaction under IRC Section 6707A(a). *See* 26 U.S.C. § 6707A(a) ("Any person who fails to include on any return or statement any information with respect to a reportable transaction which is required . . . shall pay a penalty[.]"); *see also Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1573 (Fed. Cir. 1996) ("The Tucker Act provides jurisdiction to recover an illegal exaction by government officials when the exaction is based on an asserted statutory power."); *Norman*, 429 F.3d at 1095. Although IRC Section 6707A does not expressly provide for the "return of money unlawfully exacted," the text and legislative history of IRC Section 6707A evidence that a return of money necessarily is implied where a penalty is improper. *See* H.R. Rep. No. 108-548 (Part 1), at 262 n.233 (2004) (explaining that IRC Section 6707A(d)(2) does not "limit the ability of a taxpayer to challenge whether a penalty is appropriate (*e.g.*, a taxpayer may litigate the issue of whether a transaction is a reportable transaction (and thus subject to the penalty if not disclosed) or not a reportable transaction (and thus not subject to the penalty))"); *see also Norman*, 429 F.3d at 1095 (quoting *Cyprus Amax Coal Co. v. United States*, 205 F.3d 1369, 1373 (Fed. Cir. 2000)) ("To invoke Tucker Act jurisdiction over an illegal exaction claim, a claimant must demonstrate that the statute or provision causing the exaction itself provides, either expressly or by 'necessary implication,' that 'the remedy for its violation entails a return of money unlawfully exacted.'").

The court's "jurisdiction over illegal exaction claims, however, is subject to the administrative refund scheme that Congress established in the [IRC]." *Strategic Housing Finance Corp. of Travis County v. United States*, 608 F.3d 1317, 1324 (Fed. Cir. 2010); *see also id.* (holding that "a party seeking to recover any internal-revenue tax, penalty, or sum from the United States must pursue and exhaust its administrative remedies pursuant to the IRS's regulations prior to filing a complaint in federal court"). In this case, on November 7, 2014, only four days after the IRS notified Plaintiff that it "applied $100,925 of [his] 2013 . . . overpayment to the amount [he] owe[d] for [the penalty]," Plaintiff filed an IRS Form 843, requesting a refund in that amount. 3/15/17 Compl. ¶ 9; 3/15/17 Compl. Ex. A. On June 29, 2016, the IRS notified Plaintiff that the request for a refund was "formally disallowed in full" and advised him that "*no further reconsideration [could] be granted*." 3/15/17 Compl. ¶ 10; 3/15/17 Compl. Ex. C (emphasis added). Therefore, Plaintiff properly exhausted all administrative remedies available under the IRS's regulations to seek a refund of the penalty assessed under IRC Section 6707A, prior to timely

---

[20] The March 15, 2017 Complaint characterizes the penalty assessed against Plaintiff under IRC Section 6707A as "improper" and "invalid," because IRC Section 6707A(d)(2)'s prohibition against judicial review renders IRC Section 6707A "unconstitutional." 3/15/17 Compl. ¶¶ 13–14 ("The assessment made by the IRS against [Plaintiff], based on an unconstitutional statute, is invalid and the amount seized from [Plaintiff] should be refunded to him[.]"); 3/15/17 Compl. Ex. A.

filing the March 15, 2017 Complaint. *See* 26 U.S.C. §§ 6511(a), 6532(a)(1), 7422(a); *see also Strategic Housing Finance Corp.*, 608 F.3d at 1324 (holding that "a party seeking to recover any internal-revenue tax, penalty, or sum from the United States must pursue and exhaust its administrative remedies pursuant to the IRS's regulations prior to filing a complaint in federal court").

For these reasons, the court has determined that it has jurisdiction to adjudicate the "illegal exaction" claim alleged in the March 15, 2017 Complaint.

### 3. Plaintiff Does Not Have Standing To Seek An Adjudication Of The Claims Alleged In The March 15, 2017 Complaint.

"[S]tanding is a threshold jurisdictional issue." *Myers Investigative & Sec. Servs., Inc. v. United States*, 275 F.3d 1366, 1369 (Fed. Cir. 2002). The party invoking federal jurisdiction bears the burden of establishing standing. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) ("The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing the[] elements [of standing]."); *see also Myers Investigative & Sec. Servs., Inc.*, 275 F.3d at 1369 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (same)). To meet this burden at the pleading stage, the complaint must clearly and specifically set forth facts sufficient to satisfy the standing requirements. *See Spokeo, Inc.*, 136 S. Ct. at 1547 ("Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element."); *see also McKinney v. U.S. Dep't of Treasury*, 799 F.2d 1544, 1557 (Fed. Cir. 1986) ("The facts alleged in the complaint, taken as true for purposes of a standing analysis, must be sufficient to show that a party has suffered, or is likely to suffer, an injury in fact."); 15-101 MARTIN H. REDISH, MOORE'S FEDERAL PRACTICE § 101.31 (2018), LEXIS ("To meet its burden at the pleading stage, the litigant invoking federal jurisdiction must clearly and specifically set forth facts sufficient to satisfy the standing requirement.").

The standing requirements of Article III of the United States Constitution also apply to the United States Court of Federal Claims. *See Anderson v. United States*, 344 F.3d 1343, 1350 n.1 (Fed. Cir. 2003) (stating that the United States Court of Federal Claims, "though an Article I court, . . . applies the same standing requirements enforced by other federal courts created under Article III"). Therefore, to establish standing, a plaintiff must show:

> (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180–81 (2000); *see also Figueroa v. United States*, 466 F.3d 1023, 1029 (Fed. Cir. 2006) ("To establish standing, a plaintiff must show that he suffered an injury-in-fact that is both fairly traceable to the challenged conduct of the defendant and likely redressable by a favorable judicial decision.").

The March 15, 2017 Complaint alleges: (1) that the IRS Commissioner "improper[ly] fail[ed] . . . to rescind the penalty" assessed against Plaintiff under IRC Section 6707A; and (2) that IRC Section 6707A "violates the Due Process Clause of the Fifth Amendment," because

IRC Section 6707A(d)(2) does not afford judicial review of an IRS Commissioner's determination not to rescind a penalty. 3/15/17 Compl. ¶¶ 12–13. The IRS Commissioner's authority to rescind penalties assessed under IRC Section 6707A is set forth in IRC Section 6707A(d)(1).[21] *See* 26 U.S.C. § 6707A(d)(1). The March 15, 2017 Complaint, however, does not identify those portions of IRC Section 6707A allegedly violated by the IRS Commissioner.[22] 3/15/17 Compl. ¶ 12. Nevertheless, the court liberally interprets ¶¶ 12–13 of the March 15, 2017 Complaint: (1) as alleging that the IRS Commissioner violated IRC Section 6707A(d)(1) by failing to rescind the penalty assessed against Plaintiff; and (2) as challenging the prohibition of judicial review thereof under IRC Section 6707A(d)(2).[23]

In this case, the IRS assessed a $100,000 penalty against Plaintiff for failing "properly [to] disclose" a "listed" transaction, *i.e.*, the Plan. 9/18/17 Gov't Mot. Ex. 1 at 011, 015. Thereafter, the IRS applied $100,925 of Plaintiff's 2013 tax year overpayment toward the penalty, including interest and other "fees and . . . expenses." 3/15/17 Compl. Ex. A; 9/18/17 Gov't Mot. Ex. 3 at 001–002. As such, the March 15, 2017 Complaint alleges that Plaintiff has suffered an "injury in fact." *See Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 599 (2007) ("Of course, a taxpayer has standing to challenge the *collection* of a specific tax assessment as unconstitutional; being forced to pay such a tax causes a real and immediate economic injury to the individual taxpayer." (emphasis in original)).

To establish standing, the March 15, 2017 Complaint also must "clearly . . . allege facts demonstrating" that Plaintiff's injury is "fairly traceable to the challenged action of the [Government]." *See Spokeo, Inc.*, 136 S. Ct. at 1547 ("Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element."); *see also Friends of the Earth, Inc.*, 528 U.S. at 180–81 (holding that, to establish standing, a plaintiff must show that the alleged injury is "fairly traceable to the challenged action of the defendant"). Specifically, the March 15, 2017 Complaint must clearly demonstrate that IRC Sections 6707A(d)(1) and (2) were, in fact, applied to Plaintiff so as to cause his injury. *See Davis*, 468 U.S. at 189 n.7 (observing, where a "statute was never applied to [an] appellee, he lacks standing to question its constitutionality"); *see also New York Civil Serv. Comm'n*, 425 U.S. at 458 (holding that, because "appellee's claim . . . amount[ed] to a request for a determination of the constitutionality of a statute which, . . . ha[d] never in fact been properly applied . . . to her[,] . . . she ha[d] no standing to assert such a challenge").

IRC Sections 6707A(d)(1) and (2) only apply to "*other than listed*" transactions. *See* 26 U.S.C. § 6707A(d)(1)(A) (providing that the IRS Commissioner "may rescind all or any portion of any penalty . . . with respect to a reportable transaction *other than a listed transaction*" (emphasis added)). In this case, however, the IRS assessed a penalty against Plaintiff for failing "properly [to] disclose" a "*listed*" transaction. 9/18/17 Gov't Mot. Ex. 1 at 011, 015. Accordingly, the penalty assessed against Plaintiff was not eligible for rescission under IRC

---

[21] *See supra* note 17.

[22] *See supra* note 18.

[23] *See supra* note 19.

Section 6707A(d)(1). *See* 26 U.S.C. § 6707A(d)(1) (permitting rescission only of "other than . . . listed transaction" penalties); *see also* H.R. Rep. No. 108-548 (Part 1), at 262 (2004) ("The penalty cannot be waived with respect to a listed transaction."). As a result, IRC Section 6707A(d)(2), prohibiting judicial review of the an IRS Commissioner's rescission determinations under IRC Section 6707A(d)(1), also does not apply to Plaintiff in this case.

In any event, the IRS apparently did not apply IRC Sections 6707A(d)(1) and (2) to Plaintiff. First, Plaintiff never requested rescission of the penalty as required by Revenue Procedure 2007-21,[24] *i.e.*, the "exclusive method of requesting rescission." REV. PROC. 2007-21 § 4.01; 3/15/17 Compl. Ex. A, B; 9/18/17 Gov't Mot. Ex. 1 at 001–010. Second, as Plaintiff's CPA confirmed, the IRS Commissioner never made a rescission determination regarding Plaintiff's penalty under IRC Section 6707A(d)(1) or otherwise. 12/13/17 Pl. Resp. Ex. A (The IRS "failed to address the rescission request. Therefore, [Plaintiff] did not receive the benefit of any response to either [Plaintiff's] protest or the discussion of rescission in the hearing[.] . . . [The IRS] would not discuss any elements of the rescission request[.]"). In short, IRC Sections 6707A(d)(1) and (2) do not apply in the circumstances of this case, and never were applied to Plaintiff. Accordingly, the March 15, 2017 Complaint fails to "clearly . . . allege facts demonstrating" that Plaintiff's injury is "fairly traceable to the challenged action of the [Government]."

Finally, since the March 15, 2017 Complaint fails to demonstrate traceability, whether Plaintiff's injury may be "redressed by a favorable decision" in this case is irrelevant and therefore, need not be addressed by the court.

For these reasons, the court has determined that Plaintiff does not have standing to seek an adjudication of the "illegal exaction" claim alleged in the March 15, 2017 Complaint or the others alleged therein.

---

[24] The argument that Revenue Procedure 2007-21 was "not applicable to [P]laintiff," because his request for rescission was *pre-assessment* and Revenue Procedure 2007-21 applies only to *post-assessment* requests, is without merit. 12/13/17 Pl. Resp. at 4.

Revenue Procedure 2007-21 provides that "[f]urther guidance will be issued providing pre[-]assessment administrative appeal rights to persons against whom the IRS proposes to assess a penalty under [IRC S]ection . . . 6707A." REV. PROC. 2007-21 § 3. Plaintiff's CPA states, however, that no such procedures were "received prior to the penalty assessment on December 30, 2013." 12/13/17 Pl. Resp. Ex. A. Therefore, without "further guidance" from the Secretary as to the filing of pre-assessment rescission requests, a post-assessment rescission request in accordance with Revenue Procedure 2007-21 was the "exclusive method of requesting rescission." REV. PROC. 2007-21 § 4.01. Accordingly, not only was Revenue Procedure 2007-21 applicable to Plaintiff, but his alleged requests, which were not in accordance with the requirements of Revenue Procedure 2007-21, were improper, because they failed to include information required by Revenue Procedure 2007-21 (REV. PROC. 2007-21 § 4.02) and were not sent to the appropriate location (REV. PROC. 2007-21 § 4.08).

### IV. CONCLUSION.

For these reasons, the Government's September 18, 2017 Motion To Dismiss is granted. The Clerk of the United States Court of Federal Claims is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

<div style="text-align:right">

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Chief Judge**

</div>